**THOMPSON COBURN LLP**
**JOHN L. VIOLA, CSB 131407**
jviola@thompsoncoburn.com
**KACEY R. RICCOMINI, CSB 292340**
kriccomini@thompsoncoburn.com
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

Attorneys for Defendant CHARTER COMMUNICATIONS HOLDING COMPANY, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYEL HENDERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS HOLDING COMPANY, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO. '21CV614 BEN WVG<br><br>**DEFENDANT CHARTER COMMUNICATIONS HOLDING COMPANY, LLC'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Charter Communications Holding Company, LLC ("Charter") hereby removes this action to the Court from the Superior Court of the State of California, County of San Diego. A true and correct copy of this Notice of Removal of Civil Action ("Notice") will be filed contemporaneously with the Clerk of the Superior Court for the State of California, County of San Diego, and this Notice will be provided to counsel for Plaintiff in accordance with 28 U.S.C. § 1446(d). This Notice is based upon the following:

**STATE COURT ACTION**

1.  On or about March 5, 2021, Plaintiff Kyel Henderson ("Plaintiff") filed

a complaint against Charter in the Superior Court of the State of California, County of San Diego. The Complaint is captioned *Kyel Henderson vs. Charter Communications Holding Company, LLC; and Does 1 through 10, inclusive* (Case No. 37-2021-00009629-CU-WT-CTL) (the "State Court Action"). Plaintiff served the Summons and Complaint on Charter on March 10, 2021. Defendant answered the Complaint on April 7, 2021, prior to removal. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served on Charter are attached as Exhibits A and B to the Declaration of Kacey R. Riccomini ("Riccomini Decl.") and are incorporated herein. No further proceedings in this matter have been held in the Superior Court.

2. Plaintiff's Complaint alleges causes of action for (1) Disability Discrimination in Violation of Fair Employment and Housing Act ("FEHA"), (2) Failure to Engage in the Interactive Process in Violation of FEHA, (3) Failure to Accommodate in Violation of FEHA, (4) Failure to Prevent Discrimination or Retaliation in Violation of FEHA, (5) Retaliation for Requests for Accommodation in Violation of FEHA, and (6) Wrongful Termination in Violation of Public Policy. *Id.,* ¶ 2, Ex. A at ¶¶16-64. Plaintiff seeks general and special damages, compensatory damages, lost past and future wages, loss of job opportunities, reliance damages, costs of suit, other pecuniary damages, emotional distress, loss of employment benefits, punitive damages, costs of suit, pre-judgment and post-judgment interest, and attorneys' fees. *Id.,* ¶ 2, Ex. A at Prayer for Relief, pg. 12 & ¶¶39, 47-48, 62-63. The allegations in the Complaint are incorporated into this notice by reference without admitting the truth of any of them.

3. Pursuant to 28 U.S.C. § 1446(b), this Notice is filed within thirty (30) days of receipt of the initial pleading setting forth the claim for relief upon which the State Court Action is based.

**GROUNDS FOR REMOVAL: DIVERSITY OF CITIZENSHIP**

4. The State Court Action is removable under 28 U.S.C. § 1441(a) and (b)

because the Court has original jurisdiction under 28 U.S.C. § 1332(a), diversity jurisdiction. Diversity jurisdiction exists because the parties are completely diverse and the amount in controversy exceeds $75,000.

**Complete Diversity of Citizenship**

5. Plaintiff alleges that, at all times relevant to his Complaint, he was a resident of San Diego, California in the County of San Diego. Riccomini Decl. ¶ 2, Ex. A ¶1. Accordingly, Plaintiff's complaint discloses that he was and is a resident of California and is domiciled in California for purposes of diversity jurisdiction.

6. Charter is not a citizen of the State of California. At the time that the State Court Action was filed, at the time of this Notice of Removal, and at all relevant times, Charter was and is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in St. Louis, Missouri. Charter's "nerve center" is in St. Louis, Missouri, where Charter maintains its corporate headquarters. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Charter's headquarters is the central location for all of Charter's business activities, and is not simply an office where Charter holds its board meetings. *See id*. at 93. All of Charter's "high level officers direct, control and coordinate" Charter's activities from its St. Louis, Missouri headquarters. *Id*. at 80-81. Charter is thus a citizen of the States of Delaware and Missouri. *See* 28 U.S.C. § 1332(c)(1).

7. Because the parties are citizens of different states, complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

**Amount in Controversy**

8. When a defendant removes to Federal Court on the basis of diversity jurisdiction, the defendant need only plausibly allege that the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 553 (2014). Such allegations regarding the amount in controversy, however, "do[] not equate to a stipulation as to that amount of damages," and the defendant

remains "free to challenge the actual amount of damages in subsequent proceedings and at trial." *Ibarra v. Manheim Investments, Inc.,* 775 F.3d 1193, 1198, n. 1 (9th Cir. 2015); *see also, LaCross v. Knight Transp. Inc.,* 775 F.3d 1200, 1203 (9th Cir. 2015).

9. Plaintiff does not assert an actual monetary demand in the Complaint. *See generally*, Riccomini Decl., Ex. A. Instead, on April 8, 2021, Plaintiff, through his counsel, sent a demand letter to Charter's counsel, asserting that its alleged conduct and termination of Plaintiff's alleged employment gave rise to claims under the California Fair Employment and Housing Act. Plaintiff attached various documents, and demanded $95,000 from Charter for a release and dismissal of all claims, stating that Plaintiff's past economic loss was $14,300, future economic loss was at least $34,320, emotional distress damages are at least $100,000, and anticipated attorneys' fees will be at least $400,000. Riccomini Decl., Ex. C, pgs. 6-7.

10. Accordingly, the amount in controversy here is sufficient to support removal. *See Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002) (a plaintiff's reasonable settlement demand constitutes evidence sufficient to establish the amount in controversy by a preponderance of the evidence); *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 428-30 (7th Cir. 1997).

11. Because the Doe defendants have not yet been served, they need not join or consent to Defendant's Notice. *Salveson v. Western States Bankcard Ass'n*, 731 F. 3d 1426, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join the notice of removal).

**Venue Lies in the United States District Court for the Southern District of California**

12. Venue lies in the Southern District under 28 U.S.C. 84(c)(1), 1441(a), and 1446(d). Plaintiff originally brought this action in the Superior Court of California, for the County of San Diego, as the alleged transactions and occurrences took place in the City of San Diego, County of San Diego.

**The Notice of Removal Is Timely**

13. This Notice is timely filed as no more than 30 days have elapsed since Plaintiff's Complaint was served on Defendant and all other procedural requirements are met. *See* U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint). Because Plaintiff served Charter on March 10, 2021, the 30-day removal period deadline falls on April 9, 2021.

5. Removal is timely because this Notice has been timely filed pursuant to Fed. R. Civ. P. 6(a)(1)(C). *See* U.S.C. § 1446(b). As referenced above, this Notice also contains all process, pleadings and orders served on Charter. Riccomini Decl., Ex. A & Ex. B.

14. Following filing this Notice in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Ji-In Lee Houck, David Angeloff and Cindy Hickox of Stalwart Law Group, a Professional Law Corporation, and a copy of the Notice will be filed with the Clerk of the San Diego County Superior Court.

15. In removing the State Court Action, Charter does not intend to waive any rights or defenses to which it is otherwise entitled under state or federal law, as applicable, including, but not limited to, those set forth in the Federal Rules of Civil Procedure, including, but not limited to, lack of personal jurisdiction, improper service, misjoinder and nonjoinder of parties, and improper venue.

**Rule 11 of the Federal Rules of Civil Procedure**

16. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and in accordance with 28 U.S.C. § 1446. The statements and allegations contained herein are true and correct to the best of the knowledge and belief of the undersigned based upon a review of the material available.

WHEREFORE, Charter respectfully removes this action, currently pending in the Superior Court of the State of California for the County of San Diego, as Case

Number 37-2021-00009629-CU-WT-CTL, to the United States District Court for the Southern District of California.

DATED: April 9, 2021

**Respectfully submitted,**

**THOMPSON COBURN LLP**

By: *s/John L. Viola*
**JOHN L. VIOLA**
**KACEY R. RICCOMINI**
**THOMPSON COBURN LLP**
Attorneys for Defendants CHARTER COMMUNICATIONS HOLDING COMPANY, LLC

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2029 Century Park East, 19th Floor, Los Angeles, CA 90067.

On April 9, 2021, I served true copies of the following document(s) described as **DEFENDANT CHARTER COMMUNICATIONS HOLDING COMPANY, LLC'S NOTICE OF REMOVAL** on the interested parties in this action as follows:

Ji-In Lee Houck                                    Attorneys for Plaintiff Kyel Henderson
David Angeloff
Cindy Hickox
STALWART LAW GROUP, APC
MAILING ADDRESS:
8605 Santa Monica Blvd., PMB 72538
West Hollywood, CA 90069
PHYSICAL ADDRESS:
1100 Glendon Avenue, Suite 1840
Los Angeles, CA 90024
Telephone: (310) 954-2000
Emails:
jiin@stalwartlaw.com
david@stalwartlaw.com
cindy@stalwartlaw.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address bgutierrez@thompsoncoburn.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 9, 2021, at Los Angeles, California.

                                              _____
                                              Blanca M. Gutierrez