# Exhibit  A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* <br><br> CHARTER COMMUNICATIONS HOLDING COMPANY, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive, <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br><br> KYEL HENDERSON, an individual, | *FOR COURT USE ONLY* <br> *(SOLO PARA USO DE LA CORTÉ)* <br><br> **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of San Diego <br><br> **03/05/2021** at 10:55:19 AM <br><br> Clerk of the Superior Court <br> By Jose Hernandez, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* **Hall of Justice** <br><br> 330 West Broadway <br> San Diego, CA 92101 | CASE NUMBER: <br> *(Número del Caso):* <br><br> 37-2021-00009629-CU-WT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Cindy Hickox; Stalwart Law Group; 1100 Glendon Ave. Suite 1840, Los Angeles, CA 90024; 310-954-2000

| DATE: 03/08/2021 *(Fecha)* | Clerk, by *(Secretario)* J. Hernandez | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] Superior Court of California County of San Diego

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Charter Communications Holding Company, LLC, a Delaware limited liability company
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 3/10/2021

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A
Page 4

1   Ji-In Lee Houck (SBN 280088)
    *jiin@stalwartlaw.com*
2   David Angeloff (SBN 272929)
    *david@stalwartlaw.com*
3   Cindy Hickox (SBN 323016)
    *cindy@stalwartlaw.com*
4   STALWART LAW GROUP, APC
    MAILING ADDRESS:
5   8605 Santa Monica Blvd., PMB 72538
    West Hollywood, CA 90069
6   PHYSICAL ADDRESS:
7   1100 Glendon Ave, Suite 1840
    Los Angeles, CA 90024
8   Telephone: (310) 954-2000
9   Attorneys for Plaintiff KYEL HENDERSON

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**03/05/2021** at 10:55:19 AM
Clerk of the Superior Court
By Jose Hernandez, Deputy Clerk

10

11          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                **FOR THE COUNTY OF SAN DIEGO**

13   KYEL HENDERSON, an individual,        Case No.: 37-2021-00009629-CU-WT-CTL

14                                          **COMPLAINT FOR:**
             Plaintiff,
15                                          **(1) DISABILITY DISCRIMINATION IN
                                            VIOLATION OF FAIR EMPLOYMENT
16      vs.                                 AND HOUSING ACT ("FEHA");**

17   CHARTER COMMUNICATIONS HOLDING         **(2) FAILURE TO ENGAGE IN THE
     COMPANY, LLC, a Delaware limited liability    INTERACTIVE PROCESS IN
18   company; and DOES 1 through 10, inclusive,    VIOLATION OF FEHA;**

19                                          **(3) FAILURE TO ACCOMMODATE IN
             Defendants.                    VIOLATION OF FEHA;**
20
                                            **(4) FAILURE TO PREVENT
21                                          DISCRIMINATION OR RETALIATION
22                                          IN VIOLATION OF FEHA;**

23                                          **(5) RETALIATION FOR REQUESTS FOR
24                                          ACCOMMODATION IN VIOLATION OF
                                            FEHA; AND,**
25
                                            **(6) WRONGFUL TERMINATION IN
26                                          VIOLATION OF PUBLIC POLICY**
27
                                            **DEMAND FOR JURY TRIAL**
28

                                    1
                                COMPLAINT

STALWART
LAW GROUP

1    Plaintiff KYEL HENDERSON (hereinafter referred to as "Plaintiff" or "HENDERSON")

2  alleges as follows for his Complaint:

3  <u>**THE PARTIES**</u>

4    1.    Plaintiff is an individual, who at all relevant times was and is a resident of San

5  Diego, California, in the County of San Diego.

6    2.    Defendant is CHARTER COMMUNICATIONS HOLDING COMPANY, LLC

7  (hereinafter referred to as "Defendant" or "Spectrum"), a Delaware limited liability company

8  located at 12405 Powerscourt Dr., Saint Louis, MO 63131. Plaintiff worked at Defendant's San

9  Diego location, located at 10450 Pacific Center Court, San Diego, CA 92121.

10    3.    The true names and capacities, whether individual, corporate, partnership,

11  associate, or otherwise, of the Defendants sued herein as DOES 1 through 10, inclusive, are

12  currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.

13  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants

14  designated herein as a DOE is legally responsible in some manner for the events and happenings

15  referred to herein and caused injury and damage proximately thereby to Plaintiff as hereinafter

16  alleged.  Plaintiff will seek to amend this Complaint to show the true names and capacities of the

17  Defendants designated herein as DOES when the same have been ascertained.  Whenever in this

18  Complaint reference is made to "Defendants," such allegation shall be deemed to mean the acts

19  of Defendants acting individually, jointly, and/or severally.

20    4.    Plaintiff is informed and believes, and thereby alleges, that each of the Defendants

21  herein was at all times the agent and/or employee of each of the remaining Defendants, and was

22  at all times mentioned, acting within the course and scope of said agency and/or employment,

23  and each Defendant was acting with the full knowledge and consent of his superior or principal,

24  and each such principal or superior at all times ratified and acquiesced in each and every act of

25  each Defendant and agent thereof, and as such each Defendant bound the other by his act and

26  deed.  Further, each of the Defendants aided, abetted, incited, compelled, and/or coerced one

27  another, and/or conspired with one another, to do the acts alleged herein.

28    5.    Defendant Spectrum and DOES 1 through 10, collectively shall be referred to

2

COMPLAINT

herein as "Defendants."

**VENUE**

6.       Venue is proper in the Superior Court of San Diego County because the County of San Diego, State of California, is where the conduct, acts, inaction, statements, or omissions complained of in this Complaint took place.

**GENERAL ALLEGATIONS**

7.       On or about September 8, 2020, Plaintiff began working for Spectrum as a Customer Service Tech Support. Throughout his employment at Spectrum, Plaintiff performed his duties in a reasonable and competent manner.

8.       In or around mid-November 2020, Plaintiff contracted Stevens-Johnson syndrome – a rare and serious disorder of the skin and mucous membranes. Symptoms of Stevens-Johnson syndrome include skin pain, rashes, body sores, fever, fatigue, and skin shedding. As a result of this infection, Plaintiff's major life activities of working and walking were substantially limited. In addition to skin peeling all over his body, Plaintiff's lips and tongue became extremely raw, which caused mouth pain that substantially limited Plaintiff's ability to eat, drink, swallow, and talk.

9.       With those symptoms, Plaintiff originally believed he had contracted Covid-19, and saw a doctor to get tested for the virus and to discuss his symptoms. On November 17, 2020, Plaintiff emailed Laiaa Cardenas from Defendant's Human Resources department to apprise Defendant of his symptoms and to provide an update regarding his Covid-19 test. After notifying Ms. Cardenas, Plaintiff also forwarded the email to his supervisor, Carlos Beltran.

10.       On or about November 21, 2020, Plaintiff emailed Ms. Cardenas and Mr. Beltran and notified them that, while he did not test positive for Covid-19, Plaintiff had an infection that required him to be out of work through November 28, 2020.

11.       On or about November 27, 2020, Plaintiff's doctor extended Plaintiff's leave through November 30, 2020. On November 27, 2020, following his doctor visit, Plaintiff went to Ms. Cardenas to drop off his doctor's note that stated his leave would be extended through November 30, 2020.

3
COMPLAINT

12.     From November 30, 2020 to December 3, 2020, Plaintiff called Defendant's Human Resources line on numerous occasions to discuss his return-to-work date and to see if Defendant received his Job Accommodation Request. Ms. Cardenas finally called Plaintiff back on December 3, 2020, and told Plaintiff that Spectrum was thinking of terminating Plaintiff. Ms. Cardenas did not explain why Spectrum was planning on terminating Plaintiff and stated that the decision was not in her hands.

13.     The very next day, on December 4, 2020, Plaintiff again submitted a Job Accommodation Request to Defendant which indicated Plaintiff had blisters on his tongue, no skin on his lips, swollen tonsils, and that he was unable to walk. On the form, Plaintiff requested accommodations in the form of time off from November 19, 2020 to December 7, 2020, to rest and recover from his infection.

14.     On or about December 4, 2020, Plaintiff was terminated and provided with the false and pretextual reason that he had abandoned his job. On information and belief, Plaintiff was terminated because of his disability and/or his requests for reasonable accommodation.

15.     On February 24, 2021, Plaintiff filed a complaint of discrimination and related claims against Defendant with the Department of Fair Employment and Housing ("DFEH"), thereby exhausting his administrative remedies. On that same date, the DFEH issued Plaintiff a Right-to-Sue Notice. This action is filed within one year of all of Plaintiff's Right-to-Sue Notices.

## FIRST CAUSE OF ACTION

### Disability Discrimination in Violation of FEHA

### Cal. Gov. Code § 12940 *et seq.*

(Against All Defendants)

16.     Plaintiff incorporates herein by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 15, inclusive of this Complaint.

17.     Defendant is an employer in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12926.

4
COMPLAINT

18.    At all relevant times herein, Plaintiff was an employee of Defendant within the meaning of Cal. Gov. Code § 12926. Defendant knew that Plaintiff had a physical disability that limited his major life activities, including his ability to work, walk, talk, eat, swallow, and drink. Plaintiff was able to perform the essential job duties with reasonable accommodations for his physical disability.

19.    Defendant subjected Plaintiff to an adverse employment action when Defendant terminated Plaintiff. Plaintiff's physical disability was a substantial motivating reason for Defendant's decision to terminate Plaintiff. Plaintiff was harmed. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

20.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, and personal injuries. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

21.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer pain and suffering and emotional distress. Plaintiff is thereby entitled to general and compensatory damage sin amounts to be proven at trial.

22.    As a direct and proximate result of Defendant's conduct, Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

23.    As a further, direct and proximate result of Defendant's violation of Cal. Gov. Code § 12900 et seq., Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of his employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff requests that attorneys' fees be awarded pursuant to Cal. Gov. Code § 12925.

24.    Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendant described above was done with malice, fraud and oppression and with

5
COMPLAINT

1   conscious disregard for his rights, and with the intent, design, and purpose of injuring him. By

2   reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum

3   according to proof at trial.

### SECOND CAUSE OF ACTION

**Failure to Engage in the Interactive Process in Violation of FEHA**

**Cal. Gov. Code § 12940 *et seq.***

(Against All Defendants)

8   25.    Plaintiff incorporates herein by reference, as though fully set forth herein, each

9   and every allegation contained in paragraphs 1 through 24, inclusive of this Complaint.

10   26.    Defendant is an employer in the State of California, as defined in FEHA, Cal.

11   Gov. Code § 12926.

12   27.    At all relevant times herein, Plaintiff was an employee of Defendant within the

13   meaning of Cal. Gov. Code § 12926.

14   28.    Plaintiff had a physical disability that was known to Defendant. With a reasonable

15   accommodation, including time off to recover, Plaintiff could perform the essential requirements

16   of his job. Plaintiff was willing to participate in an interactive process to determine whether

17   reasonable accommodation could be made so that Plaintiff would be able to perform the essential

18   job requirements. Defendant failed to participate in a timely good-faith interactive process with

19   Plaintiff to determine whether reasonable accommodation could be made, and what type of

20   reasonable accommodation would be appropriate for Plaintiff's disability. Plaintiff was harmed

21   and Defendant's failure to engage in a good-faith interactive process was a substantial factor in

22   causing Plaintiff's harm.

23   29.    Plaintiff filed timely charges of failure to engage in the interactive process against

24   Defendant with the DFEH, which issued right-to-sue notices to Plaintiff authorizing this lawsuit.

25   Plaintiff has therefore exhausted his administrative remedies.

26   30.    As a direct and proximate result of Defendant's willful, knowing, and intentional

27   discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering,

28

6

COMPLAINT

1  mental anguish, emotional distress, and personal injuries. Plaintiff is thereby entitled to general

2  and compensatory damages in amounts to be proven at trial.

3      31.   As a direct and proximate result of Defendant's willful, knowing and intentional

4  discrimination against him, Plaintiff has further suffered and will continue to suffer a loss of

5  earnings and other employment damages in amounts to be proven at trial.

6      32.   As a further, direct and proximate result of Defendant's violation of Cal. Gov.

7  Code § 12900 et seq., Plaintiff has been compelled to retain the services of counsel to enforce the

8  terms and conditions of his employment relationship with Defendant, and has thereby incurred,

9  and will continue to incur, legal fees and costs, the full nature and extent of which are presently

10  unknown to him. Plaintiff requests that attorneys' fees be awarded pursuant to Cal. Gov. Code §

11  12925.

12      33.   Plaintiff is informed and believes and based thereon alleges that the outrageous

13  conduct of Defendant described above was done with malice, fraud and oppression and with

14  conscious disregard for his rights, and with the intent, design, and purpose of injuring him. By

15  reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum

16  according to proof at trial.

17  **THIRD CAUSE OF ACTION**

18  **Failure to Accommodate in Violation of FEHA Cal. Gov. Code § 12940**

19  (Against All Defendants)

20      34.   Plaintiff incorporates herein by reference, as though fully set forth herein, each

21  and every allegation contained in paragraphs 1 through 33, inclusive of this Complaint.

22      35.   Defendant is an employer in the State of California, as defined in the FEHA, Cal.

23  Gov. Code § 12926.

24      36.   At all relevant times herein, Plaintiff was an employee of Defendant within the

25  meaning of Cal. Gov. Code § 12926. Plaintiff had a physical disability that limited his major life

26  activities, including his ability to work, walk, talk, eat, swallow, and drink. Defendant knew of

27  Plaintiff's disability that limited his major life activities, including his ability to work, walk, talk,

28  eat, swallow, and drink. Plaintiff was able to perform the essential job duties with reasonable

7

COMPLAINT

STALWART

LAW GROUP

1    accommodation for his physical disability, including time off from work.

2          37.    Defendant failed to accommodate Plaintiff's disability in violation of FEHA as set

3    forth above. Plaintiff was harmed and Defendant's failure to provide reasonable accommodation

4    was a substantial factor in causing Plaintiff's harm.

5          38.    Plaintiff filed timely charges of failure to accommodate against Defendant with

6    the DFEH, which issues right-to-sue notices to Plaintiff authorizing this lawsuit. Plaintiff has

7    therefore exhausted his administrative remedies.

8          39.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered

9    and will continue to suffer damages, including, but not limited to, lost past and future wages and

10   benefits and emotional distress, all in an amount to be determined at trial and in excess of the

11   jurisdictional minimum of this court.

12         40.    Plaintiff is informed and believes, and thereon alleges, that Defendant, by

13   engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in

14   willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with

15   willful and conscious disregard of the rights, welfare and safety of Plaintiff.   Plaintiff should,

16   therefore, be awarded exemplary and punitive damages against Defendant, and each of them, in

17   an amount to be established that is appropriate to punish Defendant and deter others from

18   engaging in such conduct.

19                               **FOURTH CAUSE OF ACTION**

20       **Failure to Prevent Discrimination and/or Retaliation in Violation of FEHA**

21                               **Cal. Gov. Code § 12940**

22                               (Against All Defendants)

23         41.    Plaintiff incorporates herein by reference, as though fully set forth herein, each

24   and every allegation contained in paragraphs 1 through 40, inclusive of this Complaint.

25         42.    Defendant is an employer in the State of California, as defined in FEHA, Cal.

26   Gov. Code § 12926.

27         43.    At all relevant times herein, Plaintiff was an employee of Defendant within the

28   meaning of Cal. Gov. Code § 12926.

44.   Plaintiff was subjected to discrimination and/or retaliation in the course of employment in violation of the FEHA, Cal. Gov. Code § 12940, *et seq.* as set forth herein.

45.   Under FEHA, Cal. Gov. Code § 12940(k), an employer must take all reasonable steps necessary to prevent discrimination from occurring.

46.   Defendant, through their managing agents and supervisors, should have but did not take all reasonable steps necessary to prevent discrimination and/or retaliation from occurring. Plaintiff was harmed, and Defendant's failure to take all reasonable steps to prevent the discrimination and/or retaliation was a substantial factor in causing Plaintiff's harm.

47.   As a direct and proximate result of Defendant's willful, knowing, and intentional failure to prevent discrimination and retaliation against him, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, and personal injuries. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

48.   As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against him, Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

49.   As a further, direct and proximate result of Defendant's violation of Cal. Gov. Code § 12900 *et seq.*, Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of his employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff requests that attorneys' fees be awarded pursuant to Cal. Gov. Code § 12965.

50.   Plaintiff is informed and believes, and thereon alleges, that Defendant, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff.  Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendant, and each of them, in

9
COMPLAINT

an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct.

## FIFTH CAUSE OF ACTION

### Retaliation for Requests for Accommodation in Violation of FEHA

### Cal. Gov. Code § 12940 *et seq.*

(Against All Defendants)

51.     Plaintiff incorporates herein by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 50, inclusive of this Complaint.

52.     Defendant is an employer in the State of California, as defined in the FEHA, Cal. Gov. Code § 12926.

53.     Plaintiff engaged in protected activity when Plaintiff requested reasonable accommodations for his disability, including time off to recover. Defendant terminated Plaintiff, and Plaintiff's request for reasonable accommodations was a substantial motivating reason for Defendant's decision to terminate Plaintiff. Plaintiff was harmed, and Defendant's decision to terminate Plaintiff was a substantial factor in causing him harm.

54.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer pain and suffering and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

55.     As a direct and proximate result of Defendant's violation of Cal. Gov. Code § 12900 *et seq.*, Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of his employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff requests that attorneys' fees be awarded pursuant to Cal. Gov. Code § 12965.

56.     Plaintiff is informed and believes, and thereon alleges, that Defendant, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff. Plaintiff should,

10
COMPLAINT

STALWART
LAW GROUP

1   therefore, be awarded exemplary and punitive damages against Defendant in an amount to be

2   established that is appropriate to punish Defendant and deter others from engaging in such

3   conduct.

4                           **SIXTH CAUSE OF ACTION**

5               **Wrongful Termination in Violation of Public Policy**

6                           (Against All Defendants)

7        57.    Plaintiff incorporates herein by reference, as though fully set forth herein, each

8   and every allegation contained in paragraphs 1 through 56, inclusive of this Complaint.

9        58.    At all relevant times herein, Plaintiff was employed by Defendant.

10       59.    On or about December 4, 2020, Defendant terminated Plaintiff because of his

11  disability and/or in retaliation for his request for reasonable accommodation for a physical

12  disability.

13       60.    Plaintiff is informed and believes that Plaintiff's request for a reasonable

14  accommodation, and Plaintiff's disability, were each a substantial motivating reason for

15  Plaintiff's discharge in violation of FEHA, Gov. Code § 12900 *et seq*. Plaintiff was harmed and

16  Defendants' conduct was a substantial factor in causing Plaintiff's harm.

17       61.    It is the public policy of the State of California, as expressed in FEHA, that

18  employees shall not be terminated because of their disabilities or because of their requests for

19  reasonable accommodations of disabilities.

20       62.    By the aforesaid acts and omissions of Defendant, Plaintiff has been directly and

21  legally caused to suffer actual damages including, but not limited to, loss of earnings, reliance

22  damages, costs of suit and other pecuniary loss in an amount not presently ascertained, but to be

23  proven at trial.

24       63.    As a direct and proximate result of Defendant's willful, knowing, and intentional

25  retaliation, Plaintiff has suffered and will continue to suffer emotional distress and other

26  employment benefits and job opportunities in an amount to be determined at trial.

27       64.    Plaintiff is informed and believes, and thereon alleges, that Defendant, by

28  engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in

11
COMPLAINT

1  willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with

2  willful and conscious disregard of the rights, welfare and safety of Plaintiff. Plaintiff should,

3  therefore, be awarded exemplary and punitive damages against Defendant in an amount to be

4  established that is appropriate to punish Defendant and deter others from engaging in such

5  conduct.

6  **PRAYER FOR RELIEF**

7  WHEREFORE, Plaintiff prays judgment be entered in his favor and against Defendants,

8  each of them, as follows:

9  1.  For general and special damages in an amount according to proof;

10  2.  For compensatory damages in an amount according to proof;

11  3.  For punitive damages in an amount according to proof;

12  4.  For reasonable costs of suit incurred;

13  5.  For pre-judgment interest and post-judgment interest on all damages awarded;

14  6.  For reasonable attorney's fees and costs pursuant to statute, including but not

15  limited to Gov. Code § 12965(b), according to proof; and

16  7.  For such other and further relief as the Court may deem just and proper.

17

18  Dated:  March 5, 2021

STALWART LAW GROUP, APC

20  By: _____
**JI-IN LEE HOUCK**
**DAVID ANGELOFF**
**CINDY HICKOX**
Attorney for Plaintiff KYEL HENDERSON

12
COMPLAINT

1

## DEMAND FOR JURY TRIAL

2    Plaintiff KYEL HENDERSON hereby demands trial by jury on all issues so triable in the

3    Complaint.

4

5    Dated:  March 5, 2021

6                                                    STALWART LAW GROUP, APC

7                                             By: _____

8                                                    **JI-IN LEE HOUCK**
                                                     **DAVID ANGELOFF**
9                                                    **CINDY HICKOX**
                                                     Attorney for Plaintiff KYEL HENDERSON
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13
COMPLAINT

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    330 W Broadway<br>MAILING ADDRESS:   330 W Broadway<br>CITY AND ZIP CODE:  San Diego CA 92101-3827<br>BRANCH NAME:       Central | |

| Short Title: Henderson VS Charter Communications Holding Company LLC [IMAGED] | |
|---|---|
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | CASE NUMBER:<br>37-2021-00009629-CU-WT-CTL |

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

**Electronic Filing Summary Data**

| | |
|---|---|
| Electronically Submitted By: | Ji-In Houck |
| On Behalf of: | Kyel Henderson |
| Transaction Number: | 2950843 |
| Court Received Date: | 03/05/2021 |
| Filed Date: | 03/05/2021 |
| Filed Time: | 10:55 AM |
| Fee Amount Assessed: | $435.00 |
| Case Number: | 37-2021-00009629-CU-WT-CTL |
| Case Title: | Henderson VS Charter Communications Holding Company LLC [IMAGED] |
| Location: | Central |
| Case Type: | Wrongful Termination |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| **Status** | **Documents Electronically Filed/Received** |
|---|---|
| Accepted | Complaint |
| Accepted | Civil Case Cover Sheet |
| Accepted | Original Summons |

**Comments**

**Clerk's Comments:**
**Events Scheduled**

| Hearing(s) | | Date | Time | Location | Department |
|---|---|---|---|---|---|
| Civil Case Conference | Management | 09/10/2021 | 09:30 AM | Central | C-69 |

**Electronic Filing Service Provider Information**

| | |
|---|---|
| Service Provider: | Green Filing |
| Email: | support@efilinghelp.com |

---

Exhibit A
Page 18

Contact Person:     Green Filing, LLC Support
Phone:              (801) 448-7268

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Ji-In Lee Houck (SBN 280088); Cindy Hickox (SBN 323016)<br>STALWART LAW GROUP, APC; 1100 Glendon Avenue, Suite 1840, Los Angeles,<br>CA 90024; MAILING ADDRESS: 8605 Santa Monica Blvd., PMB 72538, West<br>Hollywood, CA 90069<br>TELEPHONE NO.: 310-954-2000       FAX NO.: 310-943-0303<br>ATTORNEY FOR *(Name):* Plaintiff Kyel Henderson | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**03/05/2021** at 10:55:19 AM<br><br>Clerk of the Superior Court<br>By Jose Hernandez,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Henderson v. Charter Communication Holdings Company, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2021-00009629-CU-WT-CTL |
| | | | | JUDGE:  Judge Katherine Bacal<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):*  Six (6)
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 05, 2021
Cindy Hickox
_____
(TYPE OR PRINT NAME)                                           ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Exhibit A
Page 20

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

Exhibit A
Page 21

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7069 |

PLAINTIFF(S) / PETITIONER(S):      Kyel Henderson

DEFENDANT(S) / RESPONDENT(S):   Charter Communications Holding Company LLC

HENDERSON VS CHARTER COMMUNICATIONS HOLDING COMPANY LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2021-00009629-CU-WT-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Katherine Bacal                                          Department: C-69

**COMPLAINT/PETITION FILED:** 03/05/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 09/10/2021 | 09:30 am | C-69 | Katherine Bacal |

Due to the COVID-19 pandemic, all hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com. Please make arrangements with CourtCall as soon as possible.

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

Exhibit A
Page 22



# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

**Page: 2**

Exhibit A
Page 23



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

<u>**NOTICE:**</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

Exhibit A
Page 24

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:        325 S. Melrose <br> MAILING ADDRESS:     325 S. Melrose <br> CITY, STATE, & ZIP CODE: Vista, CA  92081-6695 <br> BRANCH NAME:          North County | |
| PLAINTIFF(S): | |
| DEFENDANT(S): | |
| SHORT TITLE: | |

| **STIPULATION TO USE ALTERNATIVE <br> DISPUTE RESOLUTION (ADR)** | CASE NUMBER: <br> Department: |
|---|---|

Judge:

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)        ☐ Non-binding private arbitration

☐ Mediation (private)        ☐ Binding private arbitration

☐ Voluntary settlement conference (private)        ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)        ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____        Date: _____

_____        _____
Name of Plaintiff        Name of Defendant

_____        _____
Signature        Signature

_____        _____
Name of Plaintiff's Attorney        Name of Defendant's Attorney

_____        _____
Signature        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: _____        _____
                                    JUDGE OF THE SUPERIOR COURT

Exhibit A
Page 26